Anthony BILLERA and Ignatius Billera, doing business as Universal Pants Company: Universal Pants Company, Inc., and Anthony Billera, Ignatius Billera, James Billera and Carlo Billera, individually and as officers of Universal Pants Company, Inc., Plaintiffs,

v.

James P. MITCHELL, Secretary of Labor of the United States of America, Defendant.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Anthony BILLERA and Ignatius Billera, doing business as Universal Pants Company: Universal Pants Company, Inc., and Anthony Billera, Ignatius Billera, James Billera and Carlo Billera, individually and as officers of Universal Pants Company, Inc., Defendants.

Misc. Nos. 1972, 1978.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Irving W. Coleman, Northampton, Pa., for plaintiff Anthony Billera and others.

Stuart Rothman, Solicitor, John J. Babe, Asst. Solicitor, Washington, D. C., and Ernest N. Votow, Regional Atty., Philadelphia, Pa., for defendant and plaintiff James P. Mitchell.

LEAHY, District Judge.

Plaintiffs move to quash or modify a subpoena under Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C. in No. 1972, while defendant, as plaintiff in No. 1978, seeks an order directing compliance with the subpoena duces

tecum. Both motions will be treated together.

On January 29, 1958 proceedings were started by the Secretary of Labor against Anthony Billera and Ignatius Billera, doing business as Universal Pants Company; Universal Pants Company, Inc.; and Anthony Billera, Ignatius Billera, James Billera and Carlo Billera, individually and as officers of Universal Pants Company, Inc., for breach of contract and violation of 41 U.S.C.A. §§ 35–45, known as the Walsh-Healey Public Contracts Act. An answer was filed containing a denial of the charges. A hearing was held before a Hearing Examiner of the Department of Labor. A motion was made by respondents that by reason of the Statute of Limitations, 29 U.S.C.A. § 255, any claim prior to January 29, 1956 for failure to pay overtime compensation to Cyprian Witushynski, the employee involved, was barred. The motion was taken under advisement. The hearing was concluded. The Government then later moved to reopen the proceedings. This was denied, but the Government was permitted to reopen for the limited purpose of receiving evidence of wages paid during the entire period named in the complaint—from May 1943 to 1957. There followed the subpoena issued by the Secretary of Labor. The administrative proceedings were then continued until this Court could decide the subpoena question.

1. Regulations under the Walsh-Healey Contracts Act require an employer to maintain records for a period of four years. Witushynski terminated his employment in the Fall of 1957. It appears there is no showing for production with respect to such employee for a period prior to 1953. In fact, the regulations permit a probe back beyond the two-year Statute of Limitations for violations as fixed by 29 U.S.C.A. § 255. There was a difference of view among the lower federal courts whether the two-year limitation period began to run from time of violation or the completion of the administrative proceedings before the Department of Labor. This was settled by Unexcelled Chemical Corp. v. United States, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821, where it was held the statute under the Walsh-Healey Act barred actions within two years after the cause of action accrued—i. e., liquidated damages from the employer accrues when the employee was employed and not when it is administratively determined that an employer was liable for liquidated damages.

2. No cause of action is available, therefore, prior to January 29, 1956, as the administrative hearings started on January 29, 1958. Counsel for the Department of Labor took the position that respondents made false records of the hours worked by the employee. But there was no charge that respondents altered the hour records of the employee from the time cards which he himself punched. The administrative proceeding is not based upon a charge of fraud, rather it is based upon failure to pay proper over-time compensation. There is nothing in the record before this Court which would support a denial to respondents the protection of the Statute of Limitations. All that is here is the subpoena itself and an attempt to have it run back to 1943. While the Statute of Limitations runs for two years, the regulations required the maintenance of records for four years. Hence, the subpoena will not be quashed in its entirety, nor modified to run back for only two years, nor allowed to run to 1943, but it will be modified to comply with the requirements of the regulations and will encompass the production of records with respect to the employee for a period not prior to 1953.

An appropriate order may be submitted.